UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CIVIL ACTION NO. 7:11-126-KKC

AEGIS SCIENCES CORPORATION,                                                            PLAINTIFF

v.                                         **OPINION AND ORDER**

MILLENNIUM LABORATORIES, INC.,                                                      DEFENDANT

KENTUCKY PAIN PHYSICIANS,                                                              MOVANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion to Quash and for Protective Order filed by Kentucky Pain Physicians ("KPP") [DE 4] and the Motion to Compel Discovery filed by Aegis Sciences Corporation [DE 21].

With its motion, KPP moves to quash a subpoena which was served upon it by Aegis Sciences Corporation. With its motion, Aegis moves for an order compelling KPP to respond to the subpoena. The subpoena commands the KPP custodian of records to appear at a deposition and to produce certain documents that Aegis asserts are relevant to an action pending in the United States District Court for the Southern District of Florida. Aegis and Millennium Laboratories, Inc. are parties to that action. KPP is not.

Aegis and Millennium are competitors in the business of clinical testing and urine drug screening. They are parties to two cases which have been consolidated in the United States District Court for the Southern District of Florida. In the first case, initiated by Millennium in the Florida federal court, Millennium asserts that Aegis has unlawfully taken business from it. In the second case, initiated by Aegis in Tennessee federal court and transferred to the Florida federal court, Aegis asserts that Millennium has unlawfully enticed physicians to use Millennium's services including an

illegal kickback scheme with physicians.

KPP, which is apparently owned or operated by Dr. Robert Windsor, was formerly Aegis's client but now contracts with Millennium for clinical testing. Aegis served a subpoena on KPP seeking various documents. In its Motion to Quash the subpoena, KPP argued that the subpoena was unduly burdensome because it was unlimited in time and scope, sought information that could be obtained from Millennium, and sought proprietary trade secret information, confidential patient information and privileged information.

The United States Magistrate Judge entered a Report and Recommendation [DE 38] in which he recommends that that Motion to Quash be granted. The Magistrate Judge determined that, given the volume of material requested and its extremely sensitive nature, the potential harm to KPP of producing the requested documents outweighed Aegis's need for the documents.

Aegis objects to the Report and Recommendation. Federal Rule of Civil Procedure 72 provides that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," then the district judge must consider objections to the magistrate judge's order "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). KPP's obligation to respond to a subpoena involves a pretrial matter that is not dispositive of any party's claim or defense in the underlying action. Accordingly, the Court will review the Report and Recommendation to determine if any portion is clearly erroneous or contrary to law.

After the parties completed their briefing on the motions to quash and compel filed in this Court, the United States District Court for the Southern District of Florida, where the underlying actions are now pending, ruled on Millennium's motion in that court for a protective order.

Millennium asked the Florida court to prohibit third-party discovery by Aegis including the subpoenas served on KPP that are at issue in this action. In its order, the Florida court explains that it ordered the parties to meet regarding the discovery dispute and that, as a result, Aegis agreed to narrow some of its document requests. The Florida court then addressed the narrowed requests.

It appears that the Magistrate Judge did not consider the narrowed requests in his order but instead considered the documents requested in the original subpoena. This is likely because the Florida court's order reflecting Aegis's agreement to narrow the document request was not entered until after the parties completed the briefing on the motions pending in this Court. The narrowed requests as reflected in the Florida court's order render moot the Magistrate Judge's Report and Recommendation regarding the original document requests. Accordingly, the Court declines to adopt the Magistrate Judge's Report and Recommendation.

Further, the Court has reviewed the Florida court's order and finds it to be a reasonable resolution of the matters at issue. Accordingly, the Court will deny KPP's Motion to Quash and grant Aegis's Motion to Compel in accordance with the Florida court's ruling including Aegis's agreement to withdraw certain documents requested in the subpoena, the Florida court's revision of certain of the document requests, and the Florida court's instruction regarding the redaction of patient identifiers.

The Court recognizes that KPP is not a party to the underlying action in Florida and that the Florida court notes in its order that it has not considered whether the requests are unduly burdensome on third parties. This Court has however considered this issue. KPP argues that Aegis seeks KPP's financial statements; profit and loss statements; balance sheets; statements of cash flow; and communications and documents pertaining to Andrew Hillman of National Toxicology, LLC. KPP

3

argues these documents are confidential and/or proprietary trade secret information because they pertain to how Dr. Windsor runs the KPP medical practice. KPP further argues that disclosure of these documents is harmful because Aegis markets its services to KPP's competitors and that Aegis "could disclose some of this information to KPP's competitors in an effort to bolster Aegis' business and/or harm KPP."

KPP appears to be discussing document request numbers 1 and 2 of the subpoena. The Florida court's ruling indicates that Aegis has withdrawn document request number 1. As to document request number 2, it has been narrowed by the Florida court to the "financial records sufficient to identify the revenues derived form pain management compliance testing of patients treated by your for the period of time you utilized Millennium's services." The Florida court found that these documents are relevant to the underlying action. Further, this Court notes that any documents produced by KPP which it designates as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or CONFIDENTIAL HEALTH INFORMATION are protected by the Florida court's protective order dated July 6, 2011 and may be used only for purposes of prosecuting, defending or settling the underlying action.

KPP also argues that Aegis requests "information and documents pertaining to urine and/or oral samples that KPP sent to Millennium, National Toxicology, LLC and/or US Toxicology, LLC for pain management compliance testing, as well as all reports, billing records, invoices and communications relating to these tests." Here, KPP seems to be discussing document request numbers 7 and 12. It argues that these documents contain confidential patient information subject to federal and state privacy laws and cannot be released without appropriate privacy protections. However, the Florida court ruled that patient identifiers could be redacted from these documents.

Further, if KPP designates these documents as confidential, they are protected by the Florida court's protective order dated July 6, 2011

This Court recognizes that it is not bound by the Florida court's ruling. However, it finds that the Florida court's ruling on the document requests is reasonable. Further, this Court finds that the requests are not unduly burdensome on KPP given Aegis's withdrawal of certain requests, the narrowing of the requests by the Florida court as reflected in its ruling, the Florida court's instruction regarding the redaction of patient identifiers, and the protections offered by the Florida court's July 6, 2011 protective order.

Accordingly, the Court hereby ORDERS that the Motion to Quash filed by KPP [DE 4] is DENIED and the Motion to Compel [DE 21] filed by Aegis is GRANTED. The Court further ORDERS that, on a date and time mutually convenient to the parties, Kentucky Pain Physicians SHALL respond to the subpoena served on it by Aegis as modified by the October 12, 2011 Order issued by the United States District Court for the Southern District of Florida.

Dated this 14th day of February, 2012.

Signed By:
*Karen K. Caldwell*
United States District Judge